UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Heath Anderson Cash, | ) | |
| | ) | |
| Petitioner, | ) | C/A No.:  7:12-CR-631-GRA-2 |
| | ) | |
| v. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | (Written Opinion) |
| Respondent. | ) | |
| | ) | |

This matter comes before this Court on Petitioner Heath Anderson Cash's ("Petitioner's") *pro se* Motion for Reconsideration of this Court's June 3, 2015 Order reducing Petitioner's sentence pursuant to 18 U.S.C. § 3582(c)(2) and retroactive Guideline Amendment 782, effective November 1, 2014. ECF 236.  For the reasons stated below, this motion is DENIED.

## **Background**

On March 6, 2013, Petitioner pled guilty before this Court to Count One of the indictment.  ECF No. 157.  Count One charged Petitioner with "having knowingly, intentionally, and unlawfully distribute[d] and possess[ed] with intent to distribute Oxycodone, a Schedule II controlled substance", in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF No. 2.  On March 6, 2013, this Court sentenced Petitioner to 96 months imprisonment followed by three years supervised release, and a $100 special assessment fee. ECF No. 157.  On May 20, 2015, Petitioner, through counsel, made a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and retroactive Guideline Amendment 782. ECF No. 229. In this motion,

Petitioner sought a reduced sentence of 87 months, which was at the bottom of the amended Guidelines range. ECF No. 229. On June 3, 2015, this Court granted Petitioner's motion, reducing his original sentence of 96 months to 87 months. ECF No. 230. Petitioner now seeks reconsideration of the June 3, 2015 Order and requests this Court grant an additional 12 month reduction. ECF No. 236.

## Standard of Review

Petitioner brings this motion *pro se.* Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

The law closely guards the finality of criminal sentences against judicial "change of heart." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir., 2010); *see also, e.g., Johnson v. United States*, 544 U.S. 295, 309, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005) ("[T]he United States has an interest in the finality of sentences imposed

by its own courts."); *United States v. Fields*, 552 F.3d 401, 405 (4th Cir. 2009) ("Congress limited the reach of [Federal Rule of Criminal Procedure 35, which governs sentence modification,] because it wanted to promote openness and finality in sentencing.") Section 3582, which governs the imposition of federal prison sentences, embraces this principle, providing that a court's imposition of a term of imprisonment constitutes a final judgment. 18 U.S.C. § 3582(b). This statute states that a district court "may not modify a term of imprisonment once it has been imposed" unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the courts to do so. *Id.* at § 3582(c); *see also United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule [barring modification].").

When the Sentencing Commission retroactively lowers the Guidelines range, the scheme that § 3582(c) establishes provides a district court with one—and only one—opportunity to apply the amendment to the Guidelines and modify the sentence. § 3582(c)(2); *see also U.S. v. Mann*, 435 Fed. Appx. 254, 256 (4th Cir. 2011). When the Sentencing Commission reduces the Guidelines range applicable to a prisoner's sentence, the prisoner has an opportunity pursuant to § 3582(c)(2) to persuade the district court to modify his sentence. *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010). If the results do not satisfy him, he may timely appeal. *Id.* Rule 35

authorizes only the correction, "[w]ithin 14 days after sentencing," of "arithmetical, technical, or other clear error," unless the defendant merits a reduction for substantial assistance. Fed.R.Crim.P. 35(a), (b).

Accordingly, this Court denies the Petitioner's motion seeking an additional 12 month sentence reduction. The Bureau of Prisons did not move for a reduction and the Petitioner does not allege any arithmetical, technical, or other clear error by this Court, which would bring his claim within the scope of Rule 35. Additionally, Petitioner had the opportunity to persuade this Court pursuant to § 3582(c)(2) to modify his sentence at the time of his first request for reduction under Amendment 782 on June 3, 2015 and he failed to do so.

Therefore, Petitioner's current motion does not present any basis which would allow this Court to reconsider its Order reducing Petitioner's sentence for the second time. This Court concludes that its prior decision reducing Petitioner's sentence from 96 months to 87 months pursuant to Amendment 782 was and is correct as a matter of law.  Therefore, Petitioner's request for reconsideration should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

August 24, 2015
Anderson, South Carolina